O. H. HOSS, Administrator, Respondent, v. W. L. CRAWFORD, Appellant.

**Kansas City Court of Appeals, July 9, 1910.**

1. **WITNESSES: Contracts with Deceased Persons: Sufficiency of Evidence.** In a suit by an administrator to enforce payment of a loan claimed to have been made by deceased to defendant, evidence of a statement by deceased that he had borrowed the money in question from defendant is evidence of such indebtedness.

2. ————: ————: ————: ————: **Payment.** In such case there was no burden on plaintiff to show that the debt had not been discharged by defendant.

3. ————: ————. The defendant was an incompetent witness in this action, and the court properly rejected his offer to testify in contradiction of the testimony of the witnesses as to his having admitted the indebtedness sued on.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*A. J. King* for appellant.

The court erred in refusing the defendant the right to contradict the testimony of the witnesses, Poole and Johnson, who testified to hearing a conversation between the appellant and Frank Gallagher, in the latter part of March or first of April, 1908. This was nearly three months before the death of Holmes, and he was not present and knew nothing of this conversation. Lambert v. Railroad, 212 Mo. 723; Stanton v. Ryan, 41 Mo. 510; Poe v. Domic, 54 Mo. 124; Leeper v. McGuire, 57 Mo. 360; Ireland v. Spickard, 95 Mo. 57; Banking House v. Rood, 132 Mo. 263; Martin v. Jones et al., 59 Mo. 187.

*Lee B. Ewing* for respondent.

(1) The court properly overruled defendant's demurrer at close of plaintiff's case. There was no substantial evidence that defendant owed the money sued for. Woodard v. Cooney, 111 Mo. App. 160; Buckley v. Kansas City, 95 Mo. App. 199; Tower v. Pauley, 76 Mo. App. 287; Parsons v. Mayfield, 73 Mo. App. 309; State v. Hayden, 141 Mo. 311; James v. Mut, etc., Assn., 148 Mo. 1; Reynolds v. Hood, 209 Mo. 618, 619. (2) This was a suit by the administrator of Wallace A. Holmes against defendant Crawford. Holmes being dead, Crawford was disqualified to testify to any fact or circumstances relating to the transaction which occurred prior to the appointment of the administrator of Holmes' estate. Howard v. Hardy, 128 Mo. App. 349.

JOHNSON, J.—Plaintiff, as administrator of the estate of Wallace A. Holmes, deceased, brought suit against defendant in a justice court to recover one hundred dollars, which he alleges Holmes, in his lifetime, loaned defendant. A trial before a jury in the circuit court, where the cause was taken by appeal, resulted in a verdict of judgment for plaintiff. Defendant appealed.

Holmes and defendant were intimate friends and, according to the evidence of plaintiff, Holmes loaned defendant one hundred dollars when the latter stood in dire need of that sum of money. No note or other written evidence of the debt was executed by defendant who denies that he borrowed the money. The evidence of plaintiff consisted chiefly of the testimony of two witnesses, fellow workmen of Holmes and defendant, who were boiler-makers at railroad shops in Nevada, Mo. These witnesses (Poole and Johnson) testified to hearing a conversation between defendant and another workman in which defendant stated "that he had borrowed a hundred dollars of Mr. Holmes, that his mortgage would have been foreclosed on his place if he hadn't got it." Holmes was living at the time but was not present at this conversation.

Defendant offered to take the stand in his own behalf. Plaintiff objected "to any testimony from this witness as to any fact that occurred prior to the appointment of the administrator for the reason that under the statutes he is not competent for any purpose prior to that time. He is a party to the contract and the other party to the transaction is dead." Counsel for defendant contended "we have the right to contradict what has already been testified to by other witnesses," and offered "to show by the defendant that he never had any conversation as testified to by Poole and Johnson concerning an indebtedness of his to one Wallace A. Holmes." The court ruled that defendant was disqualified as a witness by the death of the other party to the transaction.

The first point made by defendant is that there is no substantial evidence in the record supporting the contention of plaintiff that defendant is indebted to the estate. We disagree with this view of the evidence. It tends to show that defendant borrowed $100 from Holmes and this is all that plaintiff was required to prove to establish the existence of the debt. There was no burden on plaintiff to show that the debt had

not been discharged by defendant. The evidence was sufficient to take the issue of an indebtedness to the jury and we find that the issue was properly defined in the instructions.

Further, point is made that the court erred in not permitting defendant to give testimony contradicting the testimony of the witnesses Poole and Johnson. Section 4652, Revised Statutes 1899, provides: "Where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator." Of this statute, Judge BLACK said in Leeper v. Taylor, 111 Mo. l. c. 323: "The statute excludes the living party, except as to acts done, or contracts made, since the probate of the will or grant of the letters of administration. Here the conversations were had before the letters were granted. The statute is plain enough and should be followed."

This exposition of the statute was approved by the Supreme Court in the later cases of Kersey v. O'Day, 173 Mo. l. c. 570, and Weiermueller v. Scullin, 203 Mo. l. c. 474. Under those decisions, the trial court could not well do otherwise than to refuse to permit defendant to testify.

We find no error in the record and the judgment will be affirmed. It is so ordered. All concur.